RECEIVED
DEC - 9 2008
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| ADAM BUTLER | CIVIL ACTION NO. 07-1700 |
| VERSUS | JUDGE MELANÇON |
| ENSCO OFFSHORE CO, ET AL | MAGISTRATE JUDGE HILL |

## MEMORANDUM RULING

Before the Court is defendant Remington Oil & Gas Corporation's ("Remington") unopposed[1] Motion for Partial Summary Judgment [Rec. Doc. 48]. For the reasons that follow, Remington's Motion [Rec. Doc. 48] will be **GRANTED**.

As a preliminary matter, it is noted that plaintiff has not filed an opposition to defendant's motion. While the fact that defendant's motion is unopposed does not necessarily mean defendant should prevail on the merits, the plaintiff's failure to file an opposition and statement of contested material facts does require the Court to deem Remington's statement of uncontested material facts admitted for purposes of the instant motion. Local Rule 56.2.; *See also Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 (5th Cir. 1995) ("A motion for summary judgment cannot be granted simply because there is no opposition, even if failure to oppose violated a local rule. The movant has the burden of establishing the absence of a genuine issue of material fact and, unless he has done so, the court may not grant the motion, regardless of whether any response was filed.").

---

[1] Pursuant to Local Rule 7.5W, plaintiff's opposition to defendant's Motion would have been due on November 4, 2008. As of this date, no opposition or response has been filed.

## I. UNDISPUTED FACTS

On May 8, 2007, plaintiff Adam Butler ("Butler" or "plaintiff") was working as a floorhand for Ensco Offshore Company ("Ensco") on ENSCO Rig 82 located in the Gulf of Mexico. It is undisputed that Ensco, plaintiff's employer, was an independent contractor engaged by Remington for the performance of certain work. On that day, the crew was engaged in the lay-down of production tubing.

Ensco operated ENSCO Rig 82 pursuant to a Daywork Drilling Contract with Remington in which Ensco was tasked with providing both the rig and personnel. Remington also contracted with Weatherford US, LP ("Weatherford") to provide certain equipment and personnel to pull 2 7/8 inch joints of production tubing from the well. At the time of his alleged injury, Butler was engaged in the task of pulling manual "slips." Plaintiff claims that he injured his back while pulling the "slips" and subsequently reinjured his back when he violently coughed.

On October 17, 2007, plaintiff filed this action against Ensco seeking damages resulting from his back injury. *Complaint* [Rec. Doc. 1]. On June 2, 2008, plaintiff amended his complaint to state causes of action against Weatherford, and on June 24, 2008, plaintiff again amended his complaint to state a cause of action against Remington. *See First Amended Complaint* [Rec. Doc. 17] and *Second Amended Complaint* [Rec. Doc. 33]. On October 20, 2008, Remington filed this Motion for Partial Summary Judgment [Rec. Doc. 48] arguing that it is not liable for plaintiff's injuries and that the Court should dismiss plaintiff's claims against it with prejudice.

2

As of the date of this ruling, no opposition has been filed to this motion.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate only when the record reflects "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). To determine whether a genuine issue of material fact exists, "we view facts and inferences in the light most favorable to the nonmoving party." *Mahaffey v. Gen. Sec. Ins. Co.*, 543 F.3d 738, 740 (5th Cir. 2008). Initially, the party moving for summary judgment must demonstrate the absence of any genuine issues of material fact. When a party seeking summary judgment bears the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if such evidence were uncontroverted at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim. *Id.* If the moving party fails to carry this burden, his motion must be denied. If he succeeds, however, the burden shifts to the non-moving party to show that there is a genuine issue for trial.[2] *Id.* at 322-23. Once the burden shifts

---

[2] Where the nonmoving party has the burden of proof at trial, the moving party does not have to produce evidence which would negate the existence of material facts. It meets its burden by simply pointing out the absence of evidence supporting the non-moving party's case. *Celotex Corp.*, 477 U.S. at 325. To oppose the summary judgment motion successfully, the non-moving party must then be able to establish elements essential to its case on which it will bear the burden of proof at trial. A complete failure of proof by the nonmoving party of these essential elements renders all other facts immaterial. *Id.* at 322.

3

to the respondent, he must direct the attention of the court to evidence in the record and set forth specific facts sufficient to establish that there is a genuine issue of material fact requiring a trial. *Celotex Corp.*, 477 U.S. at 324; Fed.R.Civ.Pro. 56(e). The responding party may not rest on mere allegations or denials of the adverse party's pleadings as a means of establishing a genuine issue worthy of trial, but must demonstrate by affidavit or other admissible evidence that there are genuine issues of material fact or law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159 (1970); *Little*, 37 F.3d at 1075. There must be sufficient evidence favoring the non-moving party to support a verdict for that party. *Anderson*, 477 U.S. at 249; *Wood v. Houston Belt & Terminal Ry.*, 958 F.2d 95, 97 (5th Cir. 1992). There is no genuine issue of material fact if, viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

If no issue of fact is presented and if the mover is entitled to judgment as a matter of law, the court is required to render the judgment prayed for. Fed. R. Civ. P. 56(c); *Celotex Corp.*, 477 U.S. at 322. Before it can find that there are no genuine issues of material fact, however, the court must be satisfied that no reasonable trier of fact could have found for the non-moving party. *Id.*

### III. LAW & ANALYSIS

Remington argues that it is not liable for plaintiff's maintenance and cure, for

4

the alleged unseaworthiness of the vessel, or under the general maritime law for plaintiff's injuries. Each of these arguments will be addressed in turn.

A. *Maintenance and Cure*

Remington correctly states that it cannot be liable for plaintiff's maintenance and cure because Remington was not plaintiff's employer. The United States Fifth Circuit Court of Appeal has expressly held that "[t]he seaman may claim maintenance and cure only from its employer." *Complaint of Liberty Seafood, Inc.*, 38 F.3d 755, 758 (5th Cir. 1994). Here, it is undisputed that plaintiff was employed solely by Ensco. Accordingly, plaintiff's claim for maintenance and cure against Remington will be dismissed.

B. *Unseaworthiness*

Remington further argues that it cannot be liable for any alleged unseaworthiness of the vessel as it neither owned nor operated the vessel. In *Baker v. Raymond Intern., Inc.*, 656 F.2d 173 (5th Cir. 1981), the Fifth Circuit explained that "[t]o be held liable for breach of the duty [of seaworthiness], the defendant 'must be in the relationship of an owner or operator of a vessel." *Baker*, 656 F.2d at 181 (*quoting Daniels v. Florida Power & Light Co.*, 317 F.2d 41, 43 (5th Cir. 1963)). Any claim plaintiff may make against Remington for the unseaworthiness of the vessel, then, is belied his own complaint wherein he stated that Ensco was, at all times, the owner and operator of ENSCO Rig 82. *Complaint* [Rec. Doc. 1], pg. 4. As such, plaintiff's claim for breach of the warranty of seaworthiness against Remington will

also be dismissed.

C. *General Negligence*

Finally, Remington argues that it is not liable under general negligence principles for plaintiff's injuries. In his Second Amended Complaint [Rec. Doc. 33], plaintiff alleges that Remington was negligent in

> . . . failing to specify the appropriate equipment necessary to safely accomplish the drilling operations[, . . .] in failing to specify the appropriate elevators and slips for use on ENSCO Rig 82 necessary to safely conduct the drilling operation without risk of injury to the lower back[, . . . ] failing to direct the use of hydraulic and/or air slips or other equipment such that the drilling operations which were taking place at the time of plaintiff's accident could be conducted safely and without risk of injury to the lower back[, and . . . ] all other acts of negligence [. . . ] which may be proved at trial.

In essence, plaintiff claims that Remington failed to ensure that the correct equipment was being used and used properly. The law is clear that when the activity in question is not ultrahazardous, the principal has no duty to ensure that the independent contractor performs its obligations in a reasonably safe manner. *Hawkins v. Evans Cooperage Co., Inc.* 766 F.2d 904, 908 (5th Cir. 1985). Further, "a principal who exercises no operational control has no duty to discover and remedy hazards created by acts of its independent contractors." *Id.*

It is undisputed in this case that Ensco was an independent contractor of Remington. The Daywork Drilling Contract specifically provides as much stating "Contractor [Ensco] shall be an independent contractor with respect to all work hereunder . . . Operator [Remington] shall have no direction or control over

6

Contractor or its employees and agents except in the results to be attained[.]" *Motion for Partial Summary Judgment* [Rec. Doc. 48], Exhibit A. Further, it is undisputed that Weatherford, not Remington, was charged with providing the equipment plaintiff alleges caused his injuries. Plaintiff has presented no evidence whatsoever that Remington, in any way, negligently caused or contributed to his alleged injury. Thus, the general negligence claims must fail as well.

## IV. CONCLUSION

Remington has put forth sufficient evidence, or alternatively pointed out the absence of evidence, on each claim made by plaintiff in this case. Further, plaintiff failed to come forth with any evidence whatsoever to support his claims against Remington. Under the well-established jurisprudence, then, and for the reasons more fully stated above, Remington's Motion [Rec. Doc. 48] will be **GRANTED** and plaintiff's claims against it will be **DISMISSED WITH PREJUDICE**.