RECEIVED
DEC 2 4 2008
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| ADAM BUTLER | CIVIL ACTION NO. 07-1700 |
| VERSUS | JUDGE MELANÇON |
| ENSCO OFFSHORE CO, ET AL | MAGISTRATE JUDGE HILL |

## MEMORANDUM RULING

Before the Court are defendants', Weatherford U.S., L.P. and WUS Holding, L.L.C. (collectively "Weatherford" or "defendants"), Motion for Summary Judgment [Rec. Doc. 43], plaintiff's Memorandum in Opposition to defendants' Motion [Rec. Doc. 53], defendants' Reply to plaintiff's Opposition [Rec. Doc. 57], and defendants' Supplemental Memorandum in Support of Motion for Summary Judgment [Rec. Doc. 64]. For the reasons that follow, defendants' Motion [Rec. Doc. 43] will be **GRANTED**.

## I. BACKGROUND

On May 8, 2007, plaintiff Adam Butler ("Butler" or "plaintiff") was working as a floorhand for Ensco Offshore Company ("Ensco") on ENSCO Rig 82 located in the Gulf of Mexico. Weatherford and Ensco, plaintiff's employer, were independent contractors hired by Remington Oil & Gas Corporation ("Remington") for the performance of certain work aboard ENSCO Rig 82. No contract whatsoever existed between Ensco and Weatherford. At all relevant times, the plaintiff had the authority to temporarily stop work to correct any unsafe working condition, but at no time did he exercise this discretion. Further, it is undisputed that, while Weatherford supplied

certain tools and equipment pursuant to its agreement with Remington, Ensco selected the tools and equipment to be supplied and used. It is also undisputed that the equipment supplied by Weatherford operated as designed and did not malfunction in any way.

On the day of the alleged accident, the crew of ENSCO Rig 82 was engaged in the lay-down of production tubing. As part of this job and pursuant to Ensco's written policy, Ensco made the decision to switch from air-operated slips to manual slips. At the time of his alleged injury, Butler was pulling manual slips. Plaintiff claims that he injured his back while pulling the slips and subsequently exacerbated his injury when he violently coughed. On October 17, 2007, plaintiff filed this action against Ensco seeking damages resulting from his back injury. *Complaint* [Rec. Doc. 1]. On June 2, 2008, plaintiff amended his complaint to state causes of action against Weatherford, and on June 24, 2008, plaintiff again amended his complaint to state a cause of action against Remington. *See First Amended Complaint* [Rec. Doc. 17] and *Second Amended Complaint* [Rec. Doc. 33]. On December 9, 2008, this Court granted Remington's Motion for Partial Summary Judgment and dismissed plaintiff's claims against it. Weatherford has filed this Motion for Summary Judgment arguing that it is not liable for plaintiff's injuries and that the Court should dismiss plaintiff's claims against it with prejudice.

Plaintiff opposes this motion alleging that Weatherford is liable for his injuries because Weatherford's employee failed to move cables in plaintiff's way and/or did

not properly pull the slip, because Weatherford allegedly negligently failed to provide the appropriate equipment necessary to safely accomplish the drilling operations and allegedly failed to conduct a joint safety assessment (JSA) prior to commencement of work the morning of the alleged injury. Plaintiff also argues that there is a material issue of fact as to whether Weatherford exercised operational control sufficient to create a duty to plaintiff.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate only when the record reflects "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). To determine whether a genuine issue of material fact exists, "we view facts and inferences in the light most favorable to the nonmoving party." *Mahaffey v. Gen. Sec. Ins. Co.*, 543 F.3d 738, 740 (5th Cir. 2008). Initially, the party moving for summary judgment must demonstrate the absence of any genuine issues of material fact. When a party seeking summary judgment bears the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if such evidence were uncontroverted at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim. *Id.* If the moving party fails to carry this burden, his motion must be denied. If he succeeds, however, the burden shifts to the non-moving party

3

to show that there is a genuine issue for trial.[1] *Id.* at 322-23. Once the burden shifts to the respondent, he must direct the attention of the court to evidence in the record and set forth specific facts sufficient to establish that there is a genuine issue of material fact requiring a trial. *Celotex Corp.*, 477 U.S. at 324; Fed.R.Civ.Pro. 56(e). The responding party may not rest on mere allegations or denials of the adverse party's pleadings as a means of establishing a genuine issue worthy of trial, but must demonstrate by affidavit or other admissible evidence that there are genuine issues of material fact or law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159 (1970); *Little*, 37 F.3d at 1075. There must be sufficient evidence favoring the non-moving party to support a verdict for that party. *Anderson*, 477 U.S. at 249; *Wood v. Houston Belt & Terminal Ry.*, 958 F.2d 95, 97 (5th Cir. 1992). There is no genuine issue of material fact if, viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

If no issue of fact is presented and if the mover is entitled to judgment as a matter of law, the court is required to render the judgment prayed for. Fed. R. Civ.

---

[1] Where the nonmoving party has the burden of proof at trial, the moving party does not have to produce evidence which would negate the existence of material facts. It meets its burden by simply pointing out the absence of evidence supporting the non-moving party's case. *Celotex Corp.*, 477 U.S. at 325. To oppose the summary judgment motion successfully, the non-moving party must then be able to establish elements essential to its case on which it will bear the burden of proof at trial. A complete failure of proof by the nonmoving party of these essential elements renders all other facts immaterial. *Id.* at 322.

P. 56(c); *Celotex Corp.*, 477 U.S. at 322. Before it can find that there are no genuine issues of material fact, however, the court must be satisfied that no reasonable trier of fact could have found for the non-moving party. *Id.*

## III. ANALYSIS

Weatherford, like Ensco, was an independent contractor of Remington. It is beyond dispute that there was no agreement between Ensco and Weatherford. However, plaintiff alleges that Weatherford is liable for his alleged injuries because Weatherford (a) negligently failed to provide the appropriate equipment necessary to safely accomplish the drilling operations; (b) negligently failed to supply the appropriate elevators and slips to ENSCO Rig 82; and (c) negligently failed to provide hydraulic and/or air slips such that the drilling operations.

Having read and considered the briefs of the parties and having conducted its own independent research on the issues presented, the Court agrees with the well-researched brief of Weatherford. The Court finds that neither Weatherford nor its employees did anything to cause plaintiff's alleged injuries. It is undisputed that Weatherford's equipment was not defective and did not malfunction. Further, were the Court to find that improper equipment was used, it is undisputed that Ensco, rather than Weatherford, selected the equipment to be used. Weatherford owed plaintiff no duty as, in cases such as this one where an employee of an independent contractor sues another independent contractor, ". . . the elements which establish liability under the operational control test are lacking." *Landry v. Huthnance Drilling*

Co., 889 F.2d 1469, 1471 (5th Cir. 1989). Accordingly, Weatherford's Motion [Rec. Doc. 43] must be granted and plaintiff's claims against Weatherford be dismissed.

## IV. CONCLUSION

As Weatherford had no legal duty to plaintiff and was without fault for plaintiff's alleged injuries, its Motion for Summary Judgment [Rec. Doc. 43] will be **GRANTED**. As such, plaintiff's claims against Weatherford will be **DISMISSED WITH PREJUDICE**.