# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| ADAM BUTLER | CIVIL ACTION NO. 07-1700 |
| VERSUS | JUDGE MELANÇON |
| ENSCO OFFSHORE CO. | MAGISTRATE JUDGE HILL |

## MEMORANDUM ORDER

Before the Court is a Motion in Limine to Exclude and/or Limit the Testimony of Kenneth A Kaigler, Petroleum Engineer, plaintiff's tendered liability expert filed by defendants ENSCO Offshore Company ("Ensco") and Remington Oil & Gas Corporation's ("Remington") [Rec. Doc. 50], plaintiff's opposition thereto [Rec. Doc. 55] and Ensco and Remington's reply memorandum [Rec. Doc. 66].

This case arises out of an alleged accident involving plaintiff, Adam Butler, which occurred on May 8, 2007 while pulling chrome tubing out of the drill hole on Ensco's Rig 82, a jack-up rig located in Ship Shoal Block 250 off the coast of Louisiana. Defendants' motion seeks to exclude the testimony and report of plaintiff's liability expert, Kenneth Kaigler, a Professional Engineer. In his report dated August 14, 2008, Kaigler provided four opinions: (1) Ensco and their employees are responsible for those operations subject to their control and should ensure that those operations are conducted in compliance with work place safety and health regulations, free from recognized hazards and provide a properly trained crew; (2) Ensco failed to provide a safe workplace free from recognized hazards or properly trained crews; (3) Ensco violated regulation 33 CFR 142.4 (b)(c); and (4) Plaintiff did not act improperly or create the hazardous situation that contributed to

this accident. *R. 50, Exh. A, Kaigler Report.* In a supplemental report dated September 26, 2008, Kaigler set out two additional opinions which he formulated after his review of the Ensco Work Instruction WE-DR-0230: (5) Remington violated regulation 30 CFR 250.107 by failing to use the best available and safest technology when it allowed Ensco to change out the air slips for manual slips and did not require them to change out the air operated elevator for the manual operated YT elevator; (6) Remington violated regulation "33 CRF 142.4 (a)(b)(C)" when it failed to ensure that the operation at issue was conducted in a safe and workman like manner and free from a recognized hazard and Weatherford violated regulation "33 CFR 142.4 (b)(C)" when it failed to ensure that the tubing pulling operation was done in a safe and workman like manner and allowed Ensco to change out the air operated slips without changing out the air operated elevator.

Expert testimony is admissible at trial if it "will assist the trier of fact to understand the evidence or to determine a fact in issue," and if the witness is "qualified as an expert by knowledge, skill, experience, training, or education." Fed.R.Evid. 702. Under *Daubert v. Merrell-Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589 (1993), the Supreme Court has made it clear that the district court must act as a gatekeeper, permitting only reliable and relevant evidence to be presented to the trier of fact. See also Fed. Rules Evid. 104(a), 401, 402 and 702. Under *Daubert*, an expert's scientific theories and methodology must be measured against five factors to determine reliability: (1) whether the expert's method has been tested; (2) whether the theory has been subject to peer review and publication; (3) the

known or potential rate of error of a technique or theory when applied; (4) the existence and maintenance of standards and controls; and (5) the degree to which the technique or theory has been generally accepted in the scientific community. *Id.* at 593-95. The burden is on the proponent of the expert to prove by a preponderance of the evidence that the testimony is reliable. Although *Daubert* specifically addressed scientific testimony, the Supreme Court has held that the trial court's gate-keeping obligation also applies to nonscientific expert testimony, such as an engineer. *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 148 (1999). In addition to the expert's qualifications, the Court in *Kumho* considered the methodology employed by the expert, the scientific basis for the analysis, and range of reasonable difference between experts.

Ensco asserts that because Kaigler's report consists of only "formed conclusions" without performing any specialized tests or calculations, his opinions are merely subjective and are therefore insufficient to withstand the requirements of *Daubert.* Ensco further asserts that Kaigler's testimony is unnecessary because his opinions concern matters that a jury can competently deal with based on common sense and there are no specialized or unique issues present in this litigation. Ensco likens Kaigler's testimony to the plaintiff's maritime operations expert in *Peters v. Five Star Marine Service*, 898 F.2d 448 (5th Cir. 1990). In *Peters*, the Fifth Circuit affirmed the district court's refusal to allow plaintiff's maritime operations expert to testify as to the supply boat's obligation to keep the deck clean and the cargo properly stowed, the hazards of offloading a vessel in seas over 4 to 5 feet and the

responsibility of the master and crew of a vessel to end offloading procedures when dangerous conditions exist. Finally, Ensco asserts that Kaigler's opinion is "replete with impermissible legal conclusions based on vaguely worded generalized safety statutes, none of which are particular to the pulling of slips."

Plaintiff states in opposition to the motion in limine that plaintiff's alleged accident was the result of Ensco's failure to instruct plaintiff on the "use of air-powered elevators with hand slips [which] did not allow proper clearance for [plaintiff] to use 'proper body positioning' when pulling slips, a condition which Ensco recognized in the Work Instruction." Plaintiff maintains that Kaigler examined the "Load Out Sheet" for the various equipment being used, consulted industry literature to obtain the weight and dimensions of the equipment in question and reviewed Ensco's Safety Manual which he utilized in forming his opinions as to the practices employed by Ensco during the operations taking place at the time of the alleged accident.

Plaintiff further argues that in light of the complex drilling operations in question, Kaigler's testimony is necessary to "assist the trier of fact to understand the evidence or determine a fact issue" under Article 702. Plaintiff contradicts Ensco's assertion that pulling slips is not a convoluted and technical process requiring an expert and contends that a jury would not be capable of appreciating "whether it is necessary to make a change from air-operated slips to manual slips when the weight of the drill string reaches 100,000 pounds," the basis of Kaigler's opinion that the use of the air-operated elevator prevented plaintiff from employing

4

safe lifting techniques.

Kaigler's knowledge, skill, experience, training and education are not at issue. Kaigler has testified numerous times in many courts and has been accepted as an expert Professional Engineer in the United District Court for the Western District of Louisiana. Ensco asserts that Kaigler has not utilized scientific methodology in his report as required under *Daubert*. Plaintiff contends that Kaigler "consulted regulations and industry publications ... examined the Load Out Sheet for the Weatherford equipment, ... and consulted industry literature from BJ. Hughes to determine the maximum width across the link ears of 40 inches." *R. 55.* Plaintiff argues that Kaigler used his petroleum engineering education and experience in opining that the operation in question presented an unsafe condition due to the dimensions of the equipment and the manner in which it was being used.

In his reports, Kaigler does not indicate that he performed any specialized tests in reaching his opinions regarding the incident at issue nor whether his theories have been subjected to peer review or publication as required by the *Daubert* factors. In *Kumho,* 526 U.S. 137 (1999), the Supreme Court held that the *Daubert* factor test does not constitute a definitive checklist or rigid test. *Kumho* at 150. The Court stated that it "can neither rule out, nor rule in, for all cases and for all time the applicability of the factors mentioned in *Daubert*.... Too much depends upon the particular circumstances of the particular case at issue." *Id.* The overarching goal of *Daubert's* gate-keeping requirement is to ensure the reliability and relevancy of expert testimony. It is to make certain that an expert, whether basing testimony

upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field. *Id.* at 151-52.

In his report and supplemental report, Kaigler does not indicate whether or not he has tested the methodology he used in this matter nor whether the methodology is generally accepted in the relevant engineering community. *See, Kumho* at 151. Rather, Kaigler merely expresses legal conclusions as to the existence and scope of Ensco's duty owed to plaintiff (Opinion #1), Ensco's alleged breach of duty (Opinions #2), plaintiff's lack of liability (Opinion #4), and Ensco's and Remington's violation of various regulatory requirements (Opinions # 3, 5, 6). It is undisputed that the existence and scope of such duties and the issue of plaintiff's negligence are questions of law. *See Dupre v. Chevron U.S.A., Inc.*, 20 F.3d 154, 157 (5th Cir. 1994). The Fifth Circuit has held that experts should be precluded from offering legal opinions. *Estate of Sowell v. U.S.*, 198 F.3d 154, 157 (5th Cir. 1999) (It is not for the expert witness to tell the trier of fact what to decide); *St. Romain v. Industrial Fabrication and Repair Service, Inc.,* 203 F.3d 376, 381 (5th Cir. 2000). Accordingly, the Court will exclude Kaigler's opinions as set out in his report and supplemental report to the extent that those opinions contain legal conclusions and Kaigler is restricted from testifying as to those legal conclusions at the trial of this matter.

As to whether or not Kaigler's testimony will assist the trier of fact, the Court finds that the average lay juror will likely not be familiar with the drilling operations nor the equipment involved in this case. The specifics of these operational

6

requirements may not be as obvious to the average juror as the issues involved in *Peters*, which Ensco contends is similar to the circumstances of this case. *Peters*, 898 F.2d at 449 (excluding expert testimony as to the vessel owner's duty to keep the decks clear of diesel fuel and the hazards of offloading on heavy seas). The Court finds that Kaigler's testimony will assist the trier of fact with the matters at bar and the related terms and phrases which are far beyond the average juror's common experience. It is therefore

**ORDERED** that the Motion in Limine to Exclude and/or Limit the Testimony of Kenneth A Kaigler, Petroleum Engineer filed by ENSCO Offshore Company ("Ensco") and Remington Oil & Gas Corporation's ("Remington") [Rec. Doc. 50] is **GRANTED IN PART** as to Kaigler's testimony related to the legal conclusions set out in his reports and **DENIED IN PART** as to Kaigler's testimony regarding the drilling operations and equipment at issue.

Thus done and signed this 27th day of March, 2009 at Lafayette, Louisiana.

_____
Tucker L. Melançon
United States District Judge